**In re Karl M. McKINNEY, Cynthia A. McKinney, Debtors.**

**Bankruptcy No. 2–88–02911.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 16, 1988.

William A. Semons, Lasky & Semons, Columbus, Ohio, for debtors.

Frank M. Pees, Worthington, Ohio, Chapter 13 trustee.

Charles M. Caldwell, Columbus, Ohio, Asst. U.S. trustee.

ORDER DENYING CONFIRMATION

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the court on the debtors' amendment to their Chapter 13

plan filed October 5, 1988 in response to this Court's order entered September 22, 1988 denying confirmation of the debtors' first proposed plan of reorganization. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(L).

This Court, by opinion and order entered September 22, 1988, denied the debtors' first proposed plan of reorganization on the basis that 81% of the debtors' unsecured debt was comprised of student loans, and yet the debtors proposed to pay to its unsecured creditors a dividend of only 10.5%. In light of the decision of the Sixth Circuit Court of ·Appeals in the case of *In re Doersam*, 849 F.2d 237 (6th Cir.1988), this Court found that the debtors' plan was not filed in good faith, and denied confirmation. The debtors were granted leave of twenty days in which to amend their plan of reorganization in conformance with applicable law.

On October 5, 1988, the debtors filed an amendment to their Chapter 13 plan of reorganization by which they propose to pay $76.36 per month for distribution to creditors. By amendment, they have increased the length of the term of their Chapter 13 plan from 36 months to 58 months, which in turn has increased the dividend to be paid to unsecured creditors from 10.5% to 20%.

If the Court were to confirm the debtors' amended Chapter 13 plan of reorganization, it would be acting contrary to the 6th Circuit Court of Appeals' holding in the *Doersam* case. This Court's interpretation of the court's holding in *Doersam* is that a Chapter 13 plan of reorganization that has the effect of discharging debts that would not be dischargeable under Chapter 7 violates the good faith requirement under 11 U.S.C. § 1325(a)(3).

Prior to *Doersam*, this Court in previous rulings on student loans has not required that debtors fully pay those loans within their plans of reorganization, and within the parameters of 11 U.S.C.

§ 1322(c). Rather, this Court has approved the debtor's plan when it proposed to treat the student loan as a long-term debt, with any arrearage to be cured within the plan, and regular payments to continue through the plan, as well as after plan completion pursuant to 11 U.S.C. § 1322(b)(5).

This provides the debtors with an alternative when it is not feasible to pay the student loan within the sixty-month limitation of a plan. It is the opinion of this Court that its prior ruling is still viable as to that alternative and is not in conflict with the *Doersam* decision.

The debtor's amended plan of reorganization does not propose to pay the student loan obligations to the State of Ohio, Ohio Student Loan Commission in accordance with either of these precedents.

The Court's requirements having been fully restated, and since the debtors' amended plan of reorganization does not comply with those requirements, their amended plan is denied, and the debtors are granted twenty (20) days from the date of entry of this order to propose a third amended plan of reorganization. If no such plan is proposed within that twenty (20) days period, this matter will be dismissed without further notice.

IT IS SO ORDERED.